J-S22022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND S. MICKENS | |
| Appellant | No. 1425 WDA 2014 |

Appeal from the Judgment of Sentence March 31, 2014
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000867-2006
CP-11-CR-0000868-2006, CP-11-CR-0001572-2005

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 08, 2015**

Raymond S. Mickens appeals from the judgment of sentence imposed by the Court of Common Pleas of Cambria County, following the revocation of his probation.  Upon review, we affirm.

The trial court set forth the factual and procedural history of this case as follows:

> [Mickens] was originally sentenced by the Hon[orable] Gerard Long on February 2, 2008, as to the above-captioned cases, to serve seven (7) years of special probation under the supervision of the Pennsylvania Department of Probation and Parole.  On or about March 13, 2014, his state parole officer filed a petition, alleging that [Mickens] had violated technical condition #3a (failure to report), as well as drug usage.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[A] probation/parole violation hearing was held on March 31, 2014. [Mickens] was found to have violated the conditions of parole. The court sentenced him, in the aggregate[,] to 12 months to 36 months of state incarceration. . . .

[Mickens] filed a petition for Post Conviction Relief on April 23, 2014. Counsel was appointed and, on July 14, 2014, following [a] status conference, [Mickens'] request to file a motion for modification of sentence *nunc pro tunc* was granted. Following [a] sentence modification hearing on August 19, 2014, the motion was denied.

***

At the violation hearing, the court was reminded by [Mickens'] county probation officer, Officer Mognet, that [Mickens] had pled to summary disorderly conduct before this court in January 2014, and was sentenced to 90 days['] probation, which would expire shortly. Approximately four years remained on Judge Long's state sentence. State parole officer, James Rucosky, on behalf of [Mickens'] assigned parole agent, Brian Clawson, testified that [Mickens] had received 75 state parole sanctions since August 27, 2012. The sanctions included 20 positive urinalysis tests for alcohol or marijuana. Agent Clawson had left written instructions at [Mickens'] approved residence directing him to report to the Altoona, PA office, on March 7, 2014, and when he did not appear, a bench warrant issued.

Trial Court Opinion, 10/2/14, at 1-2.

On appeal, Mickens presents a single issue for our review: "Whether the lower court erred and abused its discretion when it failed to place sufficient reasons on the record pursuant to 42 Pa.C.S. § 9721(b) in sentencing the Appellant to a period of incarceration in a state correctional institution." Brief of Appellant, at 4.

This claim implicates the discretionary aspects of Mickens' sentence, which are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by

satisfying a four-part test. **Commonwealth v. Prisk**, 13 A.3d 526 (Pa. Super. 2011).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Id.** at 532, citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006). An appellate court will find a "substantial question" and review the decision of the trial court only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole. **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987).

Here, Mickens has preserved his claim by filing a post-sentence motion and including it in his Rule 1925(b) statement. His notice of appeal was timely filed. Finally, Mickens has included in his brief a statement pursuant to Pa.R.A.P. 2119(f), in which he claims the court failed to place sufficient reasons for the sentence on the record. An allegation that a judge failed to offer specific reasons for [a] sentence raises a substantial question. **See Commonwealth v. Dunphy**, 20 A.3d 1215, 1222 (Pa. Super. 2011) (citing **Commonwealth v. Reynolds**, 835 A.2d 720, 734 (Pa. Super. 2003). Accordingly, we will review Mickens' claim.

Specifically, Mickens argues that the court did not place information on the record pursuant to 42 Pa.C.S. § 9771(c), which states in pertinent part,

**(c) Limitation on sentence of total confinement.**--The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c)(1)-(3). Mickens further argues that the trial court did not consider all relevant factors, including the protection of society, Mickens' age, mental aptitude, education attainment, employment history or prior criminal record. The record belies Mickens' claim.

At the probation violation hearing, the Commonwealth presented evidence of extensive violations and difficulties with Mickens' probation. Since August 2012, Mickens had received 75 sanctions, 20 of which were due to positive urinalysis for either alcohol or marijuana. N.T. Probation Violation Hearing, 3/31/14, at 3. The record speaks for itself regarding Mickens' likelihood of reoffending. Additionally, Mickens' conduct reflects a flagrant disregard for the rehabilitative purpose of the probation program and a lack of respect for the authority of the courts. Mickens continuously violated the terms of his probation by abusing drugs and alcohol and committing other technical violations. Based on Mickens' conduct while on

- 4 -

probation, it was reasonable for the trial court to impose a sentence of total confinement to vindicate the court's authority.

Mickens' further argues that the trial court did not consider all relevant factors. While the court did not explicitly state on the record whether it considered Mickens' age, mental aptitude, education attainment or employment history when fashioning his sentence, it is clear that the court did consider Mickens' well-being and acted in his best interest. At the hearing on Mickens' motion for modification of sentence, Judge Creany declined to modify sentence because he wanted Mickens to receive the help he needs rather than be eligible for parole. As Judge Creany explained,

> Here is the problem though, Mr. Mickens. I concluded that you did need treatment for a drug problem. You can see that the prior record indicates you had three prior drug convictions – or two drug convictions and a firearm violation. And we can't provide [drug treatment] if you're ineligible for the Day Reporting Center. That's my – that's my problem. That's my issue.
>
> ***
>
> I'm going to decline to modify his sentence. As I said, he's -- the program that I feel would be appropriate is one for which he is not eligible, and the state is in a better position to provide those programs. I'm sorry that it's taken time, but the administrative issues are not my making.

N.T. Hearing on Motion to Modify Sentence, 8/19/14, at 7-8.

As this Court has previously stated, "[t]he likelihood of re-offense and the need for incarceration to vindicate the trial court's authority are matters that require the consideration of many factors, and two judges considering the same record may or may not arrive at the same conclusion. Thus, the

need to afford discretion to sentencing courts applying § 9771(c) is plainly evident." ***Commonwealth v. Schutzues***, 54 A.3d 86, 95 (Pa. Super. 2012). Based on the aforementioned facts, we discern no abuse of discretion on behalf of the trial court in its decision to revoke Mickens' probation and impose a sentence of 12 to 36 months' incarceration.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2015