J-S22027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEREMY R. CULP | |
| Appellant | No. 1652 WDA 2014 |

Appeal from the Judgment of Sentence August 24, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000396-2011,
CP-07-CR-0001960-2010

BEFORE: PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED JUNE 02, 2015**

Jeremy R. Culp appeals from the judgment of sentence, imposed by the Court of Common Pleas of Blair County, following the revocation of his probation. Upon review, we affirm.

On May 13, 2011, Culp pled guilty to theft by unlawful taking,[1] simple assault,[2] and recklessly endangering another person.[3] Thereafter, the court sentenced Culp to an aggregate term of three years' probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921.

[2] 18 Pa.C.S. § 2701.

[3] 18 Pa.C.S. § 2705.

On October 10, 2013, the Blair County Probation Office detained Culp after he admitted to consuming alcohol in violation of the terms of his probation. On December 13, 2013, the Blair County Probation Office again detained Culp for absconding after he missed a mandatory meeting. However, it was later determined Culp missed the meeting because he had been hospitalized for attempted suicide.

On February 28, 2014, the court conducted a **Gagnon II**[4] hearing regarding the aforementioned probation violations. At the hearing, the Commonwealth presented evidence of extensive violations and difficulties with Culp's probation. Ultimately, the court found that the October 2013 incident constituted a technical violation of Culp's probation and further directed Culp to undergo a mental health evaluation at Torrence State Hospital.

On August 28, 2014, the court conducted a second **Gagnon II** hearing. At that hearing, the court heard evidence from Torrence State Hospital regarding Culp's drug and alcohol dependency and his history of committing violent acts while under the influence of those substances. Based on this testimony and Culp's history of over twenty probation violations during the previous ten years, the Blair County Probation Office recommended that the court revoke Culp's probation and impose a sentence

---

[4] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

of total confinement. The court adopted the Commonwealth's recommendation and sentenced Culp to an aggregate term of 29 to 58 months' incarceration on August 28, 2014.

On October 9, 2014, Culp filed a timely notice of appeal wherein he presents a single issue for our review: "Whether the court abused its discretion when it sentenced Jeremy Culp to a period of incarceration of not less than 29 nor more than 58 months at the state correctional institute." Appellant's Brief, at 4.

Our standard of review for challenges to sentences following the revocation of probation is well settled.

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellants sentence.

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted).

Culp argues that his total sentence is manifestly excessive and contrary to 42 Pa.C.S. § 9771, which states in pertinent part,

> **(c) Limitation on sentence of total confinement.**--The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c)(1)-(3). Culp argues that none of the factors articulated above were present in the instant case. Thus, the lower court erred in imposing a sentence of total confinement. We disagree with Culp's assessment.

Initially, we note that there was substantial evidence demonstrating Culp's likelihood of committing another crime. *See* 42 Pa.C.S. § 9117(c)2). Specifically, the record reflects Culp's history of violent and unpredictable behavior while under the influence of drugs and alcohol, including numerous DUI charges and one altercation in which he was shot. Culp has failed to address his severe addiction issues. Instead, he continues to reoffend despite several probationary periods. Therefore, it was reasonable for the lower court to impose the sentence of total confinement.

Moreover, there was ample evidence presented demonstrating why such a sentence was essential to vindicate the authority of the court. *See* 42 Pa.C.S. § 9117(c)(3). Culp continuously violated the terms of his most recent period of probation by abusing drugs and alcohol. He also incurred many probation violations during his various periods of supervision over the last decade. Culp's conduct exhibits a flagrant disregard for the rehabilitative purpose of the probation program and a lack of respect for the

authority of the courts. Accordingly, we find it reasonable for the trial court to conclude such a sentence was essential to vindicate its authority.

As this Court has previously stated, "The likelihood of re-offense and the need for incarceration to vindicate the trial court's authority are matters that require the consideration of many factors, and two judges considering the same record may or may not arrive at the same conclusion. Thus, the need to afford discretion to sentencing courts applying § 9771(c) is plainly evident." **Commonwealth v. Schutzues**, 54 A.3d 86, 95 (Pa. Super. 2012). Based on the aforementioned facts, we discern no abuse of discretion on behalf of the trial court in its decision to sentence to Culp to 29 to 58 months' incarceration.

Judgment of sentence affirmed.

PANELLA, J., Joins the majority.

STRASSBURGER, J., files a Concurring Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2015