J-A15005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRADLEY MCMULLEN :
:
Appellant : No. 1731 MDA 2017

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000018-2017

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 20, 2018**

Bradley McMullen appeals from the judgment of sentence of five to ten years of confinement, which was imposed after he pleaded guilty to theft by unlawful taking–movable property.[1] We affirm.

The facts underlying this appeal are as follows. Appellant traded his mother's firearm in exchange for drugs. That firearm was later used to kill Pennsylvania State Police Trooper Landon Weaver.[2]

Prior to sentencing, the trial court ordered and received a pre-sentence investigation ("PSI"). On July 20, 2017, the trial court sentenced Appellant to

_____

[1] 18 Pa.C.S. § 3921(a).

[2] All parties agree that, at the time of the trade, Appellant was unaware and could not have foreseen that this murder would be committed with the firearm.

the statutory maximum. Appellant filed a timely post-sentence motion, which the trial court denied. Appellant later had his appellate rights reinstated *nunc pro* tunc. This timely appeal follows.

Appellant presents the following issue for our review:

> Did the court below err by imposing the maximum sentence allowed for [Appellant]'s crime, based solely on the resulting consequences, which were unforeseeable and beyond [Appellant]'s control?

Appellant's Brief, at 3. Appellant thus challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (some citations omitted; formatting altered).

Appellant filed a timely notice of appeal, properly preserved this issue in his post-sentence motion, and included a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence in a separate section of his brief to this Court pursuant to Pa.R.A.P. 2119(f). We therefore turn to the final requirement: whether the

question raised by Appellant is a substantial question meriting our discretionary review.

In his rule 2119(f) statement, Appellant argues that, when sentencing him, the trial court only considered the seriousness of the crime and did not take into account his character or rehabilitative needs. These claims raise substantial questions for our review. *See Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012); *Commonwealth v. Luketic*, 162 A.3d 1149, 1160–1161 (Pa. Super. 2017); and *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015).

By raising a substantial question, along with fulfilling the other requirements of our four-part analysis, Appellant consequently has merited our discretionary review.

Our standard of review for a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Conte*, ___ A.3d ___, ___, 2018 WL 5666923, *5 (Pa. Super., filed Nov. 1, 2018) (citation omitted).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in

question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Schutzues**, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

> In addition,

> [w]here [a] pre-sentence report[] exist[s], we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A presentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

> Accordingly, where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors.

**Conte**, ___ A.3d at ___, 2018 WL 5666923 at *5 (brackets added and omitted, citations, and quotation marks omitted).

> Here, the trial court explained:

> In sentencing [Appellant], we reviewed and considered the [PSI] prepared by the Huntingdon County Probation Department, the prior criminal record of [Appellant], gave consideration to the protection of public, the gravity of the offense and the impact of the offense on the life of the victim and the community. We also considered the rehabilitative needs of [Appellant], as well as the statutory Sentencing Guidelines. (Sentencing Tr. p. 5). [Appellant]'s prior conduct and the impact the crime had on the community weighed especially heavily on this Court. The horrific chain of events triggered by [Appellant]'s conduct have been taken into consideration by this Court, and the sentence imposed

pales in comparison to the price paid by Trooper Landon Weaver and this community.

Trial Court Opinion, filed Jan. 4, 2018, at 2.

Accordingly, contrary to Appellant's contention, the trial court did not only consider the seriousness of the crime, but also took into account his rehabilitative needs. Additionally, although the trial court did not explicitly state that it considered Appellant's character, as it asserted that it "reviewed and considered" the PSI, we presume that the trial court "was aware of relevant information regarding the defendant's character and weighed those considerations[.]"

Consequently, we conclude that the trial court did not abuse its discretion when sentencing Appellant, and, ergo, Appellant's sole challenge on appeal merits no relief. We thereby affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2018