J-S40041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON ROBERT BERRESFORD | : | |
| | : | |
| Appellant | : | No. 303 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 23, 2018
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000089-2015

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                **FILED AUGUST 8, 2019**

Jason Robert Berresford (Berresford) appeals from the judgment of sentence imposed in the Court of Common Pleas of Beaver County (trial court) following his revocation of probation.  We affirm.

In 2015, Berresford pleaded guilty to one count of Unlawful Contact with a Minor graded as a third-degree felony, 18 Pa.C.S. § 6318(a).  Under his plea agreement, Berresford was sentenced to five years' probation and ordered to undergo sex offender counseling and treatment, which he did.  However, in 2018, Berresford was discharged from treatment and appeared for a violation of probation hearing.  After receiving evidence about Berresford's discharge, the trial court found him in violation of his probation and resentenced him to serve 30 to 84 months' imprisonment, stating that it found Berresford to be an extreme danger and risk to the community.  Berresford filed a post-sentence motion claiming that there was insufficient evidence for the violation

_____
*   Retired Senior Judge assigned to the Superior Court.

and that his sentence was unduly harsh. After that motion was denied, Berresford filed this appeal and raises one issue:

> Whether Appellant's sentence is an illegal sentence as the court is prohibited from imposing a sentence of total confinement upon revocation of probation absent an express finding, on the record, at the time of sentencing that the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the authority of the court?

Berresford's Brief, at 7.

Berresford's argument is premised on his contention that the trial court, in resentencing him to serve a sentence of total confinement, did not comply with 42 Pa.C.S. § 9771.[1] However, in his brief, Berresford admits that the trial court "certainly set forth reasons that could support it making a finding under [42 Pa.C.S. §] 9771(c)" that total confinement was necessary based on

_____

[1] 42 Pa.C.S. § 9771 provides:

> **(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

the risk he posed to the community if not confined. Indeed, as the trial court notes in its Pa.R.A.P. 1925(a) opinion, it placed on the record at the time of its resentence of Berresford ample justification for its belief that total confinement was warranted under the Sentencing Code. *See* N.T., 10/13/18, at 37-41, 43. Berresford believes that, despite this ample on-record explanation, the trial court erred by not explicitly stating that its consideration was under 42 Pa.C.S. § 9771(c) rather than the Sentencing Code generally. *See* Berresford's Brief, at 12. However, Berresford neither cites legal authority for this proposition nor develops an argument that would support it. The trial court clearly complied with the Sentencing Code and put substantial reasons on the record to support its decision to imprison Berresford based on his violation of probation.[2]

Judgment of sentence affirmed.

President Judge Emeritus Bender concurs in the result.

Judge McLaughlin concurs in the result.

---

[2] Because the trial court complied with 42 Pa.C.S. § 9771(c), we choose not to address Berresford's claim that this Court should revisit ***Commonwealth v. Schutzues***, 54 A.3d 86 (Pa. Super. 2012), in which we held that a claim that a trial court failed to make a proper statutory fining under 42 Pa.C.S. § 9771 implicates the discretionary aspects of sentencing and must be properly preserved.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2019