J-S33024-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
LUIS TORRES, :
:
Appellant : No. 1734 EDA 2014

Appeal from the Judgment of Sentence May 8, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No(s): CP-51-CR-0004244-2011
and CP-51-CR-0008462-2011

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED JUNE 10, 2015**

Luis Torres ("Torres") appeals from the judgment of sentence entered

following the revocation of his probation. We affirm.

The trial court summarized the factual history underlying this appeal

as follows:

> On June 2, 2011, [Torres] entered a negotiated plea
> to possession with intent to deliver a controlled
> substance (PWID) before the Honorable Joan Brown
> and was sentenced to [three] years [of] probation.
> On December 1, 2011, [Torres] again entered a
> negotiated plea to a second PWID before Judge
> Brown and received a sentence of [six to twenty-
> three] months [of] incarceration plus [three] years
> [of] probation. Although this was a direct violation,
> probation on the first sentence was continued. It was
> subsequently requested that supervision of [Torres']
> cases be transferred to the Mental Health Court. On
> May 10, 2012, Judge Brown relinquished jurisdiction
> and [Torres] was formally admitted into Mental
> Health Court (MHC) upon his agreement to comply

with all the conditions of MHC, treatment, and probation/parole. As is the procedure in MHC, [Torres] was given initial mental health and other evaluations to determine his needs, and scheduled for status of mental health and treatment hearings at regular intervals to monitor his compliance and progress. At [Torres'] June 14, 2012 status hearing, his probation officer reported that [Torres] was not in compliance with his treatment program, was involved with the Latin Kings gang, was selling drugs, and had submitted two positive drug screens. However, despite these clear technical violations, [Torres] received no formal sanction, but was instead placed on increased reporting. At the June 28, 2012 status hearing [Torres] remained non-compliant. This time [Torres] received a jury box sanction for his technical violations. At the July 12, 2012 status hearing [Torres] was reported to be in compliance with his program. However, at the July 19, 2012 hearing, [Torres] was again noncompliant and received a [thirty] day custody sanction for his technical violations. [Torres] completed his sanction and was reported in compliance with his program at the September 6, 2012 listing. On October 5, 2012, the [c]ourt was informed that [Torres] had incurred a new arrest for PWID on October 3, 2012. A violation hearing was scheduled but was continued pending the resolution of the open case. At the April 25, 2013 status hearing, it was reported that the open case had been discharged and [Torres'] probation was continued. At the May 30, 2013 status hearing, [Torres] was reported in compliance with treatment but that he had not had contact with his case manager. At the June 20, 2013 and July 11, 2013 status hearings, it was reported that [Torres] had been hospitalized for seizures but was still attending treatment. However, [Torres] failed to appear for the August 8, 2013 status hearing. His probation officer reported that [Torres] was not doing well and refusing help. On November 16, 2013, [Torres] was arrested and charged with PWID and simple possession. On December 12, 2013, the [c]ourt ordered a forthwith mental health evaluation.

> At the April 3, 2014 hearing, [Torres] pleaded guilty to possession in exchange for a sentence of [nine] months [of] probation. After a violation hearing, the [c]ourt granted the Commonwealth's motion to revoke [Torres'] probation based on his direct and technical violations. Sentencing on the violation was deferred so that [Torres] could provide the [c]ourt documentation from his physician regarding the interactions between his medications. At the May 8, 2014, sentencing hearing, [Torres] failed to provide the documentation. Following the arguments of both counsel and testimony from [Torres], the [c]ourt sentenced [Torres] to concurrent sentences of [two to four] years [of] incarceration and made him [b]oot [c]amp eligible. Post[-]sentence motions were subsequently denied.

Trial Court Opinion, 9/16/14, at 1-3. This timely appeal follows, in which Torres presents the following issue for our review: "Was not the sentence of two to four years [of] incarceration for [a] probation violation excessive and unreasonable?" Torres' Brief at 4. With this claim, Torres challenges discretionary aspects of his sentence.[1] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and

---

[1] We note that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (en banc).

> modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (citation omitted). Torres filed a timely notice of appeal, raised this claim in his post-sentence motion, and included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Accordingly, we consider whether he has presented a substantial question that his sentence is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012).

> A substantial question exists where an appellant advances a colorable argument that the trial court's actions were inconsistent with a specific provision of the sentencing code, or contrary to the fundamental norms underlying the sentencing process. In determining whether a substantial question exists, our inquiry must focus on the reasons for which the appeal is sought in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (internal citations omitted). Furthermore, this Court may not look beyond the content of the 2119(f) statement to determine whether the appellant has raised a substantial question. *Id.*

In his Rule 2119(f) statement, Torres alleges that his "sentence is disproportionate to the conduct at issue, and not justified by sufficient reasons[.]" Torres' Brief at 8. This Court has previously held that this presents a substantial question so as to invoke our review, *see Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003), and so we will review Torres' claim.

We begin by recognizing that

> [s]entencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Schutzues*, 54 A.3d 86, 98-99 (Pa. Super. 2012) (internal citations omitted). Additionally, "[a] court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 PaC.S.A. § 9771(b). Furthermore,

> in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed and failure to comply with these provisions shall be grounds for vacating the sentence or resentence and

> resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014) (internal citations omitted).

Torres argues that his sentence was excessive in light of the nature of his probation violation and the fact that this was his first violation. Torres' Brief at 13. He compares his situation with *Parlante*, arguing that if the sentence in that case, "for a probationer who had violated her probation six times, was deemed excessive at a maximum of eight years, surely [] Torres' first violation of probation sentence should not mandate four years of incarceration." *Id.*

The very premise of Torres' argument – that this is his first probation violation – is faulty. It is clear from the record that the violation that led to the revocation of his probation was not an isolated or unique event. It is notable that in making his argument, Torres does not acknowledge the number and nature of his many probation violations, as detailed in the trial court's recitation of the facts above and as supported by the evidence of record. *See* N.T., 5/8/14, at 8-10.

Torres does not present argument regarding the second aspect of the claim he presented in his Rule 2119(f) statement: that the trial court did not

place sufficient reasons for the sentence imposed on the record.  As such, this argument is waived.  *See Commonwealth v. Hunzer*, 868 A.2d 498, 516 (Pa. Super. 2005); Pa.R.A.P. 2119.  Nonetheless, we note that our review of the record reveals that the trial court satisfied its obligation to state the reasons for the sentence.  *See Colon*, 102 A.3d at 1044.  It stated,

> Mr. Torres, you are a young individual who has a lifetime ahead of him.  You have so many opportunities available to you and I know when one is young sometimes we make very stupid mistakes because we really don't understand all the consequences that are going to occur because of our actions.
>
> But, as I review your history I do believe that the non-reporting, the testing positive, failing to appear for court and your basic refusal to comply with all the conditions of mental health court and of course a direct violation with the new case, all of which indicates that you are not willing to follow the rules or regulations of this [c]ourt and so in order to vindicate the authority of this [c]ourt, protect the public, I do think that … a sentence of incarceration in the state in necessary.
>
> I will say, what I really believe will help you in terms of responsibility is [b]oot [c]amp, and what I'm going to do is sentence you on the violation matters to [two] to [four] years of incarceration.  I'll make you eligible for [b]oot [c]amp, you'll receive credit for all times served.

N.T., 5/8/14, at 13-14.  Having found no merit to Torres' claims, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2015