J-S80011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NIKOLAJS VILLAFANE, | |
| Appellant | No. 1642 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):
CP-09-CR-0001070-2013
CP-09-CR-0001099-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED MARCH 12, 2019**

Appellant, Nikolajs Villafane, appeals from the judgment of sentence entered on April 27, 2018, imposed after the sentencing court found that he violated the conditions of his parole in the case docketed at CP-09-CR-0001070-2013 (hereinafter "Docket No. 1070-2013") and the conditions of his probation in the case docketed at CP-09-CR-0001099-2013 (hereinafter "Docket No. 1099-2013").  We affirm.

The sentencing court summarized the procedural history and factual background of this case as follows:

> In Docket No. 1070-2013, [Appellant] was convicted of [a]ggravated [a]ssault, 18 Pa.C.S. § 2702(a)(3), for attempting to cause, or intentionally or knowingly causing[,] bodily injury to Quakertown Borough Police Officer Kris Baccari[, and t]heft by [u]nlawful [t]aking, 18 Pa.C.S. § 3921(a), and related charges for

unlawfully taking an automobile owned by Laura Arnaudo. He was sentenced by the Honorable Albert J. Cepparulo to eleven and one-half to twenty[-]three month[s' incarceration] for the assault and a consecutive term of three years['] probation for the auto theft. In addition to other terms and conditions, [Appellant] was ordered to pay restitution in the amount of $1,294.50 to Quakertown Borough.

In Docket No. 1099-2013, [Appellant] was convicted of [b]urglary, 18 Pa.C.S. § 3502(a)(4), and related charges in connection with the burglary of a Popeye's Restaurant. He was placed on probation for five years to run concurrent to Docket No. 1070-2013. In addition to other terms and conditions, [Appellant] was ordered to pay restitution in the amount of $6,529.00 to Popeye's restaurant.

On October 25, 2017, [Appellant] was convicted in Montgomery County of [b]urglary (overnight accommodation, person present), a felony of the first degree, [p]ossession of a [c]ontrolled [s]ubstance[,] and related charges. On January 2, 2018, [Appellant] was sentenced to a term of incarceration of two and one-half to five years with a consecutive term of five years['] probation. At the time of the violation hearing, [Appellant] had only ten months left to serve on that sentence.

On April 24, 2018, violation hearings were held. At that time, [Appellant] conceded that he was in violation of his parole as a result of his Montgomery County convictions, his failure to report police contact[,] and his failure to pay restitution. This was the third violation in Docket No. 1070-2013 and the second violation in Docket No. 1099-2013.

In Docket No. 1070-2013 ([a]ggravated [a]ssault, [a]uto [t]heft)[, Appellant] was found in violation of his parole, his parole was revoked[,] and he was recommitted to serve the balance of his original sentence, ten months and nineteen days. He was further ordered to pay restitution in the amount of $1,294.50 to Quakertown Borough.

In Docket No. 1099-2013 … ([b]urglary)[, Appellant] was found in violation of his probation and was resentenced to a term of incarceration of three and one-half to seven years with a consecutive term of probation of three years. [Appellant] was ordered to pay restitution in the amount of $6,124.00 to Popeye's Restaurant. The sentence was imposed to run consecutive to the sentence imposed in Montgomery County.

Sentencing Court Opinion (SCO), 7/12/2018, at 1-2 (internal citations omitted).

Following sentencing on April 27, 2018, Appellant filed a timely motion to modify and reconsider his sentence, which the sentencing court denied. Thereafter, Appellant filed timely notices of appeal in both cases on May 25, 2018, and he subsequently complied with the sentencing court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The sentencing court then issued a Rule 1925(a) opinion.

Presently, Appellant raises a single issue for our review:

Did the sentencing court abuse its discretion by imposing a manifestly excessive and unjust aggregate sentence as the sentence deviated above the aggravated range of the sentencing guidelines, was run consecutive to another sentence Appellant was currently serving, and did not consider the rehabilitative needs of the Appellant, his prior record score as calculated by the Sentencing Guidelines or the other sentences he was serving at the time the above sentence was imposed?

Appellant's Brief at 4.[1]

Appellant challenges the discretionary aspects of his sentence. This Court has explained:

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. Before this Court can

---

[1] Appellant focuses his argument on his sentence imposed in Docket No. 1099-2013. However, to the extent Appellant attempts to contest the sentence imposed following his parole violation in Docket No. 1070-2013 on this same basis, the sentencing court aptly explained that, "if a defendant is found in violation of his parole, a new sentence is not imposed. A court's only recourse is to recommit [Appellant] to serve the remainder of the original sentence. The discretionary aspects of sentence are therefore not [at] issue." SCO at 3 (citations omitted).

address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Swope*, 123 A.3d 333, 337 (internal case citation omitted).

Here, the trial court determined that Appellant did not preserve the issue he raises on appeal in his motion to modify and reconsider his sentence. Therein, he requested reconsideration for the following reasons:

> a. [Appellant] wishes to exercise the right to allocution and speak before Your Honor.
>
> b. [Appellant] would like to present witnesses who were not present at his previous sentencing.
>
> c. [Appellant] seeks to reduce the length of incarceration.
>
> d. [Appellant] seeks to request concurrent sentences.
>
> e. [Appellant] believes and therefore avers that the sentence was beyond what was appropriate and necessary for rehabilitation and community safety.

Appellant's Motion to Modify and Reconsider Sentence, 5/4/2018, at ¶ 4. The trial court discerned that Appellant did not specifically claim — at the time of sentencing or in his post-sentence motion — that his sentence was manifestly excessive and unjust because "the sentence deviated above the aggravated range of the sentencing guidelines, was run consecutive to another sentence

- 4 -

Appellant was currently serving, and did not consider the rehabilitative needs of the Appellant, his prior record score as calculated by the Sentencing Guidelines or the other sentences he was serving at the time the above sentence was imposed." *See* TCO at 4; Appellant's Brief at 4. We agree, and deem waived Appellant's challenge to the discretionary aspects of his sentence.

Nevertheless, even if not waived, we would determine that no relief is due on the merits. We observe:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Swope*, 123 A.3d at 340 (citation omitted).

> Here, the trial court reasoned:

> [Appellant's] assertion that the sentence imposed is manifestly excessive and unjust because "the sentence deviated above the aggravated range of the Sentencing Guidelines" and did not take into consideration "his prior record score as calculated by the Sentencing Guidelines" cannot support his request for relief. "[I]t is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations.["] *Commonwealth v. Coolbaugh*, 770 A.2d 788[, 792] (Pa. Super. 2001) (citations and quotation marks omitted).

> The only remaining claim is whether the sentence imposed is a "manifestly excessive and unjust aggregate sentence" based on this [c]ourt's alleged failure to consider the rehabilitative needs of [Appellant] or the other sentences he was serving at the time [the] sentence was imposed. As to this issue, the law is well settled. "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically

reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crimes and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (quotation and citation omitted). In the instant case, prior to imposing sentence, this [c]ourt reviewed the facts and circumstances involved in each of [Appellant's] convictions, including his Montgomery County conviction.

With regard to Docket No. 1070-2013, [Appellant] testified that he had stolen a car and was on his way to buy drugs when he encountered police. [Appellant] stated that he was stopped in an alley when he observed a police car approaching. He stated that he backed out at a high rate of speed, hit the police car[,] and injured the police officer. He admitted that he had intended to "smash" the police car. He further admitted that he had intended to take the stolen car to a "chop shop" in Philadelphia. This [c]ourt was advised that the probable cause affidavit in support of the criminal complaint indicated that [Appellant] backed out at a high rate of speed and then drove toward the officer, sideswiped the patrol car, and sped through two stop signs.

With regard to Docket No. 1099-2013, [Appellant] stated that he burglarized the Popeye's after his girlfriend was fired from the restaurant and told him when the restaurant's safe would be vulnerable. He stated that this incident stemmed from his drug addiction.

With regard to his Montgomery County convictions, [Appellant] testified that he burglarized the home of a female senior citizen who had given him money a few hours before to "help him out." He stated that the burglary occurred after he left his maintenance program and started "using again." He described his condition at the time as "angry." He stated that he was high, "but not where [he] wanted to be." He further expounded that "[h]e would have stabbed my own mother in the back" to get what he needed. With regard to the burglary itself, [Appellant] testified that he "feigned" a break-in of the elderly woman's home. When he was asked to explain what "feigning" a break-in meant, [Appellant] explained that "[he] played the hero" by smashing a rock through rear French doors of the residence, entering the victim's bedroom, waking her up[,] and telling her that "he had chased the man off." He testified that he then said to the victim that "[he] was wondering if [he] could have another $20." [Appellant] admitted

that he entered the home at midnight and that he was "high" at the time he did so.

Based on those facts and circumstances, this [c]ourt concluded that [Appellant's] rehabilitative needs required imposition of a lengthy sentence. Specifically, this court noted that [Appellant] demonstrated a complete lack of understanding of the severity of his conduct and the harm he caused his victims. This [c]ourt also noted that [Appellant] had multiple opportunities to address his anger and drug addiction issues but chose not to avail himself of those opportunities. Finally, the [c]ourt noted that [Appellant's] conduct established that he could not or would not control his criminal behavior. [Appellant's] assertion that this [c]ourt did not consider the rehabilitative needs of [Appellant] or the other sentences he was serving at the time sentence was imposed is therefore clearly unfounded.

The fact that this [c]ourt imposed the sentence consecutive to the Montgomery County sentence does not alter the conclusion that the sentence imposed is not excessive or unduly harsh. Clearly, a court has the authority to impose probation violation sentences consecutive to the sentences imposed on crimes committed while a defendant is on probation. … **Swope**, 123 A.3d [at] 341…. [Appellant] "is not entitled to a volume discount for his crimes." **Id.**

SCO at 4-7 (internal citations and some original brackets omitted).

We would observe no abuse of discretion by the sentencing court, and therefore would conclude that Appellant's issue is meritless. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Nichols joins this memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/12/19