J-S24018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA
                                 :
                                 :
v.                               :
                                 :
                                 :
                                 :
DEMETRIUS SMITH                  :
                                 :
        Appellant                :     No. 2969 EDA 2017

Appeal from the Judgment of Sentence August 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006929-2013

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED AUGUST 12, 2019**

Demetrius Smith appeals from the judgment of sentence entered following the revocation of his probation. He argues the court abused its discretion and imposed an excessive sentence. We affirm.

In March 2014, Smith entered a negotiated guilty plea to one count of receiving stolen property, 18 Pa.C.S.A. § 3925(a) ("2014 conviction"). The trial court sentenced him pursuant to the negotiated plea to time served to 23 month's incarceration and two years' probation.

In February 2017, Smith was arrested and charged with possession with intent to deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30), carrying a firearm without a license, 18 Pa.C.S.A. § 6106, carrying a firearm in public in Philadelphia, 18 Pa.C.S.A. § 6108, possession of a controlled substance, 35 Pa.C.S.A. § 780-113(a)(30), and possession of drug paraphernalia, 18 Pa.C.S.A. § 780-113(a)(32) (collectively "2017 charges").

---

*   Former Justice specially assigned to the Superior Court.

The court held a ***Daisey Kates***[1] hearing, where a police officer testified to the facts underlying the 2017 charges, including that empty marijuana containers, a bag filled with marijuana, and a handgun were found in a car driven by and registered to Smith. The trial court revoked Smith's probation for the 2014 conviction. Later, in August 2017, the trial court sentenced him to four to eight years' imprisonment.

Prior to sentencing, the trial court received a pre-sentence investigation report ("PSI"). At sentencing, Smith argued that he had been compliant with probation and noted that he had been "told mistakenly by probation that he no longer needed to report," and noted that they "clarified the whole situation." N.T., 8/17/17, at 6-7. He argued that he was still on probation, but they would not have made such a mistake if he had been noncompliant with supervision. ***Id.*** at 7. He further pointed out that he had a difficult childhood, and that he had young children, for whom he wanted to be present, and that he had employment. Smith presented the testimony of the owner of a company for whom he worked, who said he would be willing to hire Smith if the court granted Smith work release. N.T. 8/24/17, at 12. In addition, the mother of his child testified on Smith's behalf. ***Id.*** at 18-20.

The trial court stated:

> Well, I've listened to everybody. Okay. And I have reviewed
> the [PSI] as well as your criminal history and the nature of

---

[1] ***Commonwealth v. Kates***, 305 A.2d 701, 708-09 (Pa. 1973) (trial court may conduct probation/parole revocation proceedings before conclusion of trial based on charges leading to revocation claim).

the violation that was brought forth before me. I am extremely concerned about the safety of this community with you in it based upon, particularly, the facts of the incident that was brought before me that violated the terms of your supervision. I was also concerned by the fact that this is not your first go-around.

All right. I find that the factors under Section 9714 have been amply met. The most important factor that I have before me is the fact that I consider you to be prone to commit criminal offenses in the future and constant[ly] a danger to the community.

I note that unlike a lot of folks that come before me, Mr. Smith, your mom, who raised you, worked extremely hard to help keep you on the right side of the law. You went in completely the opposite direction.

. . .

But you did bad things. And my view of you is that you are going to continue to do that, because when you were assigned to my probation and parole you – the Commonwealth negotiated a considerable break for you. With that, however, I told you straightforward what would happen if you came back before me. I know I did. And this is not an oops type of infraction of my probation.

The circumstances of this new arrest and information given to this Court through the *Daisey Kates* hearing tells me that indeed you didn't listen to one word iota, and you're a man who is supposed to be a good father. Your actions dictate otherwise.

I'm not saying you're a bad person. I'm saying you did bad things, and I think you're going to continue to do so. And I think you disrespected the Court in every way, shape and form with this offense, and I do believe that the structure that I'm imposing and will impose is required to get through to you and protect our community.

Confinement is necessary with you. Since county didn't work, it'll be through the state, and it will have encompassed therein very strict conditions. So to the single charge of receiving stolen property, felony of the second-degree, the sentence of this Court is that you serve a minimum of four

years state time incarceration to the maximum eight years state time incarceration. I do not recommend release at the minimum.

N.T., 8/24/17, at 22-24.

Smith filed a Petition for Reconsideration of VOP Sentence, which the trial court denied.

Smith filed a timely Notice of Appeal. Smith filed a "Motion to Proceed *Pro Se* On Appeal" and a "Motion To Remov[e] Counsel." This Court remanded to the trial court for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). The trial court held a hearing, where Smith withdrew his requests for removal of counsel and to proceed *pro se*.

Smith raises the following issue on appeal: "Was the trial court's violation of probation sentencing inappropriate, manifestly excessive and an abuse of discretion under the circumstances?" Smith's Br. at 5 (unnecessary capitalization at 5).

Smith argues the court did not fully investigate his background or review the PSI. He further argues that the sentence was unduly harsh because it was the maximum sentence, it was Smith's first probation violation and he had a "stellar" record of compliance. Smith's Br. at 14. He also cites his belief that his probation period had ended, and notes that the new charges had not been resolved. He adds that "the trial court sentenced [Smith] to the maximum allowed by law without designating RRRI and stating that he should not be released at his minimum." Smith's Br. at 14. Smith claims the court failed to explore other options before sentencing him to the maximum sentence and

- 4 -

that it was improper to discuss the facts of the new arrest without calling the police officer as a witness.

Smith challenges the discretionary aspects of his sentence. Thus, we begin by noting "a [c]hallenge to the discretionary aspects of a sentence is not appealable as of right." ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019). Before reviewing the merits of his claim, we must determine whether: (1) the appeal is timely; (2) the appellant preserved the issue at sentencing or in a post-sentence motion; (3) the brief includes a concise statement of the reasons relied upon for allowance of appeal and (4) a substantial question is presented. ***See id.***

Here, Smith's appeal is timely, he preserved his issue in a post-sentence motion, and he provides a concise statement of reasons relied upon for appeal. Specifically, he contends that his VOP sentence was manifestly excessive and the court failed to consider his individual circumstances, including his "stellar" record of compliance, and claims the new charges did not warrant imposition of the allegedly excessive sentence. Such a claim raises a substantial question. ***See Commonwealth v. Williams***, 69 A.3d 735, 740 (Pa.Super. 2013) (finding claim that "court imposed a sentence unreasonably disproportionate to her crimes and unduly excessive" raised substantial question). Therefore, we now proceed to a review of the merits of Smith's claims.

We review a challenge to the discretionary aspects of sentencing for an abuse of discretion. ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa.Super. 2017). An abuse of discretion occurs where "the sentencing court

ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill-will, or arrived at a manifestly unreasonable decision." *Id.* (quoting *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003)).

Pursuant to Pennsylvania statute 42 Pa.C.S.A. § 9771(b), upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." Further, a VOP court may impose a sentence of total confinement if it finds that "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

"[A] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa.Super. 2012) (quoting *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010)). "Where [a PSI] exist[s], we . . . presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014).

The statutory maximum for receiving stolen property is ten years' imprisonment. 18 Pa.C.S.A. §§ 106(3); 3903(a). The trial court sentenced Smith to four to eight years' imprisonment. His original sentence was 23 months' incarceration. Therefore, the court imposed a sentence near the maximum. 42 Pa.C.S.A. § 9760(1). This was not an abuse of discretion.

Although it was Smith's first violation of probation, the violation resulted from an arrest on new criminal charges. Further, although Smith believed his probation was complete, he still was on probation and the violation was an arrest, not a violation of reporting requirements. The trial court heard the facts underlying the new charges before finding that Smith violated probation, and the court could consider such facts at sentencing. Here, at the sentencing, the court considered the pre-sentence report, testimony from Smith's witnesses, and other factors, in imposing sentence. Although Smith claims the trial court failed to consider the PSI, the trial court stated it did, and Smith presents no evidence to the contrary. The trial court took all factors into consideration when imposing sentence, the sentence was not unduly harsh, and the court did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19

- 7 -