J-S50020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER WILLIAMSON | : | |
| | : | |
| Appellant | : | No. 116 WDA 2019 |

Appeal from the PCRA Order Entered December 19, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002932-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER CHARLES WILLIAMSON | : | |
| | : | |
| Appellant | : | No. 118 WDA 2019 |

Appeal from the PCRA Order Entered December 19, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000155-2016

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.: **FILED OCTOBER 1, 2019**

Roger Charles Williamson (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Upon review, we remand with instructions.

A prior panel of this Court summarized the facts of this case as follows:

_____

* Retired Senior Judge assigned to the Superior Court.

. . . On November 24, 2015, emergency first responders received a call that an individual needed assistance. When the responders arrived at the scene, they found Appellant lying on the ground. Appellant reeked of alcohol; his speech was slurred; and, he was having difficulty sitting up. Appellant refused medical attention and attempted to stagger away. Shortly after, the police arrived and arrested Appellant for public intoxication. Appellant became resistant at the police station, so the officers placed Appellant in control holds and escorted him to his cell where Appellant forcefully resisted entering it. The officers pinned Appellant to the ground; Officer Gabriel Carducci's arm was locked around Appellant's head, near his mouth; and, Appellant bit Officer Carducci's arm repeatedly, causing an open wound.

That day, the Commonwealth charged Appellant with aggravated assault, resisting arrest or other law enforcement, and public drunkenness and similar misconduct. A jury trial ensued on June 7, 2016, and the jury convicted Appellant of the above-mentioned charges on June 9, 2016. With the benefit of a pre-sentence investigation ("PSI") report, the court conducted Appellant's sentencing hearing on July 12, 2016. At the conclusion of the hearing, the court sentenced Appellant to twenty-seven (27) to fifty-four (54) months' imprisonment for aggravated assault and nine (9) to eighteen (18) months' imprisonment for resisting arrest or other law enforcement. The court imposed no further penalty for public drunkenness and similar misconduct. The court also revoked Appellant's probation, at docket number 2932 of 2007, and sentenced him to one (1) to two (2) years' imprisonment for the theft conviction related to that docket number. The court ordered Appellant to serve all of the sentences consecutively; thus, Appellant received an aggregate sentence of four (4) to eight (8) years' imprisonment.

Appellant filed a post-sentence motion for sentence reconsideration on July 18, 2016, claiming the court failed to fashion a sentence that properly took into account Appellant's need for mental health treatment. The court denied relief the following day. Appellant timely filed a notice of appeal on July 22, 2016, and an amended notice of appeal on July 25, 2016.

***Commonwealth v. Williamson***, 1081 WDA 2016, at *1-3 (Pa. Super. Mar. 3, 2017) (unpublished memorandum). On March 3, 2017, this Court affirmed

Appellant's judgment of sentence. Appellant filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court on October 4, 2017.

On July 16, 2018, Appellant filed the underlying PCRA petition. The PCRA court appointed counsel, who filed a no-merit letter asserting that the petition was untimely. On November 27, 2018, PCRA counsel filed a supplemental PCRA, advising the court that Appellant's PCRA petition was, in fact, timely. In the supplemental petition, counsel raised additional claims of prosecutorial misconduct.

The PCRA court held a hearing on Appellant's petition on December 18, 2018. At the conclusion of the hearing, the PCRA court put its findings of fact and legal conclusions on the record. On December 19, 2018, the PCRA court issued an order dismissing Appellant's petition based on the reasons set forth in the record at the hearing. This timely appeal followed.

On appeal, Appellant presents the following issues for review:

A. Whether the PCRA Court erred in failing to find that the content and quality of the videotape provided by the Commonwealth was suspect either for nefarious reasons or unwittingly and under either circumstance, the Court erred in failing to grant a new trial predicated on a finding of prosecutorial misconduct or bad faith?

B. Whether the sentence imposed upon the appellant was illegal in that he was sentenced at a level 4 for aggravated assault and at level 3 for resisting arrest with a consecutive sentence imposed, which sentence was outside of the standard range of the sentencing guidelines without legal basis and constituting an excessive sentence?

Appellant's Brief at 2.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

Appellant's first issue concerns the admission of evidence at trial; specifically, Appellant challenges the admission of a videotape depicting Appellant's interactions with police. Appellant's argument on this issue is as follows:

> [Appellant] now argues that the videotape furnished to the defense was incomplete or there was missing footage or that the videotape was tampered with. [Appellant] argues misconduct on the part of the Commonwealth in the nature of the police failing to comply with the discovery order in good faith by withholding or suppressing the videotape footage. [Appellant] makes further averments that the police purposely tampered with the videotape or suppressed a damaging portion thereof and thereby obstructed justice and deprived him or exculpatory evidence and a fair trial.

Appellant's Brief at 4-5.

Deficiencies in Appellant's argument preclude relief. Notably, Appellant incorrectly frames his issue as trial court error in admitting the videotape. The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation or error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court

error are either previously litigated (if raised on direct appeal) or waived (if not). *See Commonwealth v. Spotz*, 18 A.3d 244, 260-01, 270 (Pa. 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised on direct appeal). Trial court error may constitute the arguable merit prong of an ineffective assistance of counsel claim, but the issue must be framed properly for a petitioner to be entitled to relief. *See Commonwealth v. Paddy*, 15 A.3d 431, 449 n.11 (Pa. 2011) (citing the three-prong test for ineffectiveness stated in *Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987), and admonishing against conflating claims of ineffective assistance of counsel with claims of trial court error). As our Supreme Court has stated, "[w]hen an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief . . . ." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014). Here, Appellant has not discussed the reasonable basis or prejudice prongs of the *Pierce* test. Accordingly, this claim is waived.

In his second claim, Appellant challenges the legality of his sentence. Although a challenge to the discretionary aspects of sentencing is subject to waiver, the legality of a sentence cannot be waived. *Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa. Super. 2012). Moreover, issues concerning the legality of sentence are cognizable under the PCRA. *See Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997). Whether Appellant's challenge implicates the legality of his sentence presents a pure question of

law. ***Commonwealth v. Foster***, 17 A.3d 332, 340 n.13 (Pa. 2011). Our standard of review is *de novo* and our scope of review is plenary.

Appellant's second issue, in its entirety, reads:

The sentence imposed upon [Appellant] was illegal in that he was sentenced at a level 4 for aggravated assault and at level 3 for resisting arrest with a consecutive sentence imposed, which sentence was outside of the standard range of the sentencing guidelines without legal basis and constituting an excessive sentence.

Appellant's Brief at 6.

Ignoring the obvious deficiencies in Appellant's argument, it appears that Appellant is asserting that his sentence is excessive because the trial court imposed a sentence outside of the standard range of the sentencing guidelines. This contention does not implicate the legality of Appellant's sentence. Instead, it is a challenge to the discretionary aspect of his sentence. ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

This claim is waived for two reasons. First, requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings. ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA."); ***see also Commonwealth v. Jordan***, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a

matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of a PCRA."); *see also* 42 Pa.C.S.A. § 9543(a)(2). Second, Appellant's argument on this issue fails to include citations to legal authority and record citations. *See* Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of **relevant** legal authority).

Because all of Appellant's issues have been waived for purposes of our review, pursuant to *Commonwealth v. Rosado*, 150 A.3d 425 (Pa. 2016), we are constrained to hold that Appellant's counsel, William J. Hathaway, Esquire (Counsel), was *per se* ineffective by filing a wholly defective appellate brief. Our Supreme Court in *Rosado* explained:

> The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel is not a mere hollow formality satisfied by trial alongside a person who happens to be a lawyer, but, instead, is the right to the effective assistance of counsel.
>
> Generally, an accused asserting that he has been denied his constitutional right to effective assistance of counsel must demonstrate that counsel engaged in errors which caused him prejudice—i.e., that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different . . . However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted.
>
> \* \* \*
>
> [T]his Court has . . . held that **errors which *completely* foreclose appellate review amount to a constructive denial**

- 7 -

> **of counsel and thus ineffective assistance of counsel _per se_**, whereas those which only _partially_ foreclose such review are subject to the ordinary [**_Strickland v. Washington_**, 104 S. Ct. 2052 (U.S. 1984)]/[**_Commonwealth v. Pierce_**, 527 A.2d 973 (Pa. 1987)] framework.

**_Rosado_**, 150 A.3d at 431-32, 438-39 (some citations and footnotes omitted, emphasis added).

The argument section of Appellant's brief is so inadequate that it has resulted in waiver of all claims on appeal, and therefore, "[C]ounsel has forfeited all meaningful appellate review." **_Rosado_**, 150 A.3d at 440; **_see also Johnson_**, 889 A.2d at 623. As evidenced by counsel's waiver of both of Appellant's questions presented, Appellant was denied the assistance of counsel. Thus, counsel was _per se_ ineffective, and we remand the matter to the trial court for the appointment of new counsel to represent Appellant on appeal.

For the foregoing reasons, we remand Appellant's case to the trial court. Upon remand, we direct the trial court to withhold compensation from counsel for his appointment and representation in this matter. The trial court is directed to appoint competent appellate counsel within fifteen days of the date of this memorandum. Following his or her appointment, new counsel shall undertake all appropriate measures, including, if deemed necessary, the filing of a cogent appellate brief on behalf of Appellant.

Case remanded with instructions. Panel jurisdiction retained.