J-S58013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN DYLAN HAERTEL | : | |
| | : | |
| Appellant | : | No. 293 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 18, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003292-2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:              **FILED DECEMBER 20, 2019**

John Dylan Haertel appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas on December 18, 2018. Haertel challenges the discretionary aspects of his sentence. We affirm.

In 2017, Haertel was arrested after he broke into his father's house, shortly after his father had banned him from the residence, and took $6,000 in cash. After waiving his right to a jury trial, the court found Haertel guilty of unlawful taking and criminal trespass. The court sentenced him to twenty-four to sixty months' imprisonment followed by two years' probation.

Over three weeks after sentencing, Haertel filed a *nunc pro tunc* post-sentence motion to reconsider sentence. The trial court subsequently denied the motion. This timely appeal followed.

In his sole issue on appeal, Haertel argues the trial court abused its discretion by imposing a manifestly excessive sentence and by failing to

address each of the factors required by 42 Pa.C.S.A. § 9721(b). Haertel concedes this claim challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Haertel preserved his issue through a *nunc pro tunc* post-sentence motion to modify sentence, and filed a timely appeal. Counsel has included the required Rule 2119(f) statement in his brief. We therefore review the Rule 2119(f) statement to determine if Haertel has raised a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal,

which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Haertel "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

In Haertel's Rule 2119(f) statement, he claims that the trial court abused its discretion by "excessively sentencing him without adequately considering and addressing all statutorily required factors set forth in 42 Pa.C.S.A. § 9721(b), such as his character and background and his rehabilitative needs". Appellant's Brief, at 9. As this claim raises a substantial question, we proceed to examine the merits of Haertel's sentencing challenge. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) ("[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.")

Our standard of review for a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

In imposing a sentence, the court must consider relevant statutory factors, including "the protection of the public, the gravity of an offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-64 (Pa. 2007). While the court is required to consider the sentence ranges set forth in the sentencing guidelines, it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Haertel contends the court failed to consider his rehabilitative needs and the interests of justice. ***See*** Appellant's Brief, at 13. He highlights the fact that the court did not mention the fact that the victim, Haertel's father, requested leniency. ***See id***., at 16. He further contends that, beyond a mere passing reference that Haertel had "more than one opportunity" to "fix that," the court did not explicitly consider Haertel's rehabilitative needs on the record. ***See id***. Here, the court placed the following reasons for imposing sentence on the record at the sentencing hearing:

> THE COURT: All right. For reasons that I really cannot discern, Mr. Haertel continues to commit serious crimes, despite his many experiences in criminal court. Mr. Paletta, you are aware that I keep my files, I keep notes. And I go back to 2014 with your client. Remember when Mr. Stockey was in here for you?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And at that time we had a discussion, and I put a note on my file, "State." Maybe you remember that. Usually, I ask the defendant to look at it when I write it that big on the bottom of the sheet, state. Somehow I've been talked into not acting on that up until now. Mr. Haertel, it's a sad day, signing one piece of paper -- and if you take a piece of paper, a sheet of paper, you probably can't even get a weight on it. And despite the fact that you can't get a weight on it, it sends you off to live in a cage for years. And it's a terrible thing to do. I don't know a judge who takes any pleasure in sending healthy people to live in a cage, and I certainly don't. And as I get older at this job, it gets more painful because when you get old like me, you see a younger man like you and you think, he's still strong and healthy and now he's going to live in a cage. It's a painful thing to you, but you just won't fix yourself. I don't know how else to say it. You won't do it. And the public and the community can't be put at risk by you over and over and over, without some consequence that gives them comfort that you're not going to continue to cause the harms you've been causing. Mr. Paletta alluded to drug use, substance abuse, as part of your problem. You're not a young guy. You're

not old, like me, but you're no young guy. If you wanted to fix that, you've had more than one opportunity to do it. None of us has the answer, that I've seen yet. None of the judges -- yes, Mr. Paletta?

MR. PALETTA: I'm sorry. One thing I forgot to mention is, if my client qualifies for boot camp --

THE COURT: I'm not sending him to boot camp. Your client is simply a guy who won't put the effort into fixing it. He has bench warrants in his files. He just doesn't even show up when he's supposed to. He makes no effort whatsoever. He needs serious supervision.

MR. PALEITA: my thought process is that boot camp may provide discipline to be imposed by other people aside from, for example, his father, who is a good man and testified before this Court. But the discipline his father could not successfully transmit, but perhaps, boot camp could.

THE COURT: Twenty-seven? Twenty-eight? How old are you?

THE DEFENDANT: Twenty-eight.

THE COURT: Twenty-eight. Now we're going to start treating him like he's eight and have other people pull out the whip or the paddle or whatever, to use metaphors that probably aren't politically correct these days, crack the whip on him to make him buckle under at 28 years old?

MR. PALEITA: Some of us mature more slowly than others, and I can understand that concept.

THE COURT: Yes. Well, you're a father.

MR. LIBOSKI: Your Honor, I would just note for the record that the Defendant is not RRRI eligible.

THE COURT: I didn't think he was, based on his history. Okay. Mr. Haertel, I'm sorry to do this to you but it's time. It's just time. There's no other way around it.

At the theft case, the guidelines are 24 to 36 months. The Defendant is sentenced to not less than 24 nor more than 60

- 6 -

months. I'm going on the high side or on the upside because I want more supervision of the Defendant, should he make parole. He does not respond to probation well at all.

N.T., Sentencing Hearing, 12/18/2018, at 6-9.

Further, the trial court explicitly considered the sentencing guidelines, and stated them on the record. *See id.*, at 2-3 ("I'm presuming you're familiar with the guidelines on the theft case. Your client is being designated as a repeat felon. The standard sentence is 24 to 36 months; 21 months, mitigated").

Finally, the trial court made its sentencing decision after hearing argument from both sides including defense counsel's argument regarding mitigating circumstances, in which he made a requests for drug and alcohol counseling and a sentence that would allow him to repay the restitution sooner. *See id.*, at 4-5.

Based on our review of the record, the trial court's reasoning set forth above, and our standard of review, we conclude the trial court did not abuse its discretion in sentencing Haertel to twenty-four to sixty months' imprisonment. "It would be foolish indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). The court was apprised of the facts surrounding the offenses, as well as evidence regarding

Haertel's character.[1] The judge also had the unique experience of having previously presided over other similar cases involving Haertel since 2014, and noted on the record Haertel's inability to conform to the law or seek help for his substance abuse over that period.

The court noted that it took no "pleasure in sending healthy people to live in a cage." N.T., Sentencing Hearing, 12/18/2018, at 7. Moreover, contrary to Haertel's arguments, the court explicitly considered Haertel's "drug use, substance abuse." *Id*. Based on its consideration of these factors, the court concluded that a lengthier term of supervision was the most appropriate sentence. We find the court considered all relevant sentencing factors, and Haertel has failed to establish that the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. As we find Haertel's sole issue on appeal merits no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[1] At the end of Haertel's trial, the court indicated that it planned to order a presentence investigation report. *See* N.T., 8/30/2018, at 70. However, as the Commonwealth concedes, the record does not provide any evidence that the court received or reviewed a presentence investigation report. *See* Commonwealth's Brief, at 15 n.4.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2019