J-S38037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMIL SALTER :
:
Appellant : No. 2759 EDA 2022

Appeal from the Judgment of Sentence Entered October 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000939-2016

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED OCTOBER 23, 2023**

Jamil Salter (Salter) appeals from the judgment of sentence imposed in

the Court of Common Pleas of Philadelphia County (trial court) after the

revocation of his probation. He maintains that the trial court abused its

discretion where the sentence was manifestly excessive and disproportionate

to the probation violation.[1] We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Salter also claims that the court failed to consider the recently enacted
Resentencing Guidelines, 204 Pa. Code. §§ 307.1-307.4. However, the
Resentencing Guidelines only apply to revocation of probation for offenses
committed on or after January 1, 2020. *See* 204 Pa. Code § 307.2(b). Here,
Salter committed his underlying offenses in 2016 and 2017. Therefore, the
court was not required to consider the Resentencing Guidelines.

Although he does not make an argument about them, we also note that the
Sentencing Guidelines did not apply. *See* 204 Pa. Code § 303.1(b).

**I.**

Salter was charged at docket number 939-2016 with second-degree robbery, conspiracy to commit robbery, simple assault and recklessly endangering another person (REAP) for an April 21, 2015 incident in which he participated.[2]  At docket numbers 8144-2017, 8153-2017, 8156-2017 and 8159-2017, he was charged with second-degree robbery and conspiracy to commit robbery for his criminal conduct on September 6, 2017.

On May 22, 2018, at the above docket numbers, Salter entered a negotiated guilty plea to one count each of second-degree robbery, conspiracy to commit robbery, simple assault and REAP in exchange for the Commonwealth *nolle prossing* four of the second degree robbery charges.  The trial court imposed the negotiated sentence of 11½ to 23 months of incarceration followed by five years of probation.

Salter committed several technical violations of his probation, including failing eight drug tests and being discharged from his court-ordered participation in Forensic Intensive Recovery (FIR) supervision due to non-compliance, requiring the court to issue several detainers and conduct related hearings.  (**See Gagnon II**[3] Summary, 10/19/21, at 1-2).  For example, on February 25, 2020, the court revoked probation and ordered that a

---

[2] 18 Pa.C.S. §§ 3701(a)(1)(iv), 903, 2701(a) and 2705, respectively.

[3] **Gagnon v. Scarpelli**, 93 S.Ct. 1756 (1973).

presentence investigation report (PSI) and dual diagnosis FIR evaluation be conducted. (*See* Revocation Order, 2/25/20). Probation was reinstated and on October 27, 2020, Salter committed a direct violation of his probation by getting arrested and charged for his participation in "a period of civil unrest, rioting [and] looting" inside a closed Rite Aid store. (N.T., 10/22/21, at 14).

On October 22, 2021, Salter entered a negotiated guilty plea to defiant trespass at docket number 8688-2021.[4] The trial court imposed the negotiated sentence of 12 months of probation on the new conviction. The court then immediately proceeded to a VOP hearing at the five second-degree robbery dockets.

At the commencement of consideration of the probation violations, Salter's counsel expressly declined a PSI or mental health evaluation. (*See* N.T., 10/22/21, at 16-17). He conceded that his client failed to comply with the trial court's probation "rules and regulations" by not attending drug treatment and FIR supervision and by failing several drug tests. (*Id.* at 18). He also acknowledged that the court "had given [Salter] a break of giving him a lenient sentence on several very serious cases," and that the new conviction was a direct probation violation. (*Id.*). When given his right of allocution, Salter apologized to the trial court and requested that it again impose probation. (*See id.* at 21).

---

[4] 18 Pa.C.S. § 3503(b)(1)(ii).

- 3 -

Thereafter, the trial court[5] stated that in imposing the VOP sentence, it considered Salter's prior record score, offense gravity score and sentencing range. (*See id.* at 21). It also considered Salter's "history and character," by which it meant Salter's lengthy supervision history with the court in which he was non-compliant, resulting in the court issuing several detainers and its warning that if Salter continued to be uncooperative, it would impose a state sentence. (*Id.* at 21); (*see id.* at 22). It explained that although it had agreed to the lenient negotiated sentence for the five felony robbery charges, Salter is no longer a candidate for probation on them. The court revoked probation and imposed an aggregate sentence of not less than four nor more than eight years of incarceration, plus two years' probation.[6] (*See id.* at 22-24).

Salter filed a post-sentence motion challenging his VOP sentence that the court denied on November 3, 2021. After counsel failed to file an appeal on Salter's behalf, Salter was granted the right to file an appeal *nunc pro tunc*

_____

[5] The same jurist, the Honorable Mia Roberts Perez, presided over all relevant proceedings in this matter.

[6] Specifically, the court imposed sentences of three to six years on each of the five felony robbery counts, plus one to two years on each of the five conspiracy counts. The robbery and conspiracy sentences were to run consecutive to each other, but the dockets were to be served concurrently. The court also imposed two years of reporting probation and no further penalty on the simple assault or REAP. (*See* N.T., at 22-24).

and he timely did so, also filing a timely court-ordered statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

Salter raises one issue for our review in which he asserts that "the trial court err[ed] by imposing a sentence that is manifestly excessive and unreasonable" where the court did not carefully consider the sentencing factors and the sentence is disproportionate to the probation violations. (Salter's Brief, at 4).

## II.

## A.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708]; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

***Commonwealth v. McLaine***, 150 A.3d 70, 76 (Pa. Super. 2016), *appeal denied*, 168 A.3d 1267 (Pa. 2017) (citation omitted).

Salter timely filed a notice of appeal, preserved his claim in a post-sentence motion and included a concise statement of reasons relied upon for allowance of appeal in his brief. ***See id.*** Additionally, he raises a substantial

question. ***See Commonwealth v. Malovich,*** 903 A.2d 1247, 1253 (Pa. Super. 2006) (allegations court did not state reasons, imposed sentence without considering proper factors, and imposed sentence that was excessive and disproportionate to probation violation presented substantial question). Therefore, we will review his claim.[7]

## B.

Salter argues that the VOP sentence was manifestly excessive and unreasonable because the court did not give "careful consideration" to the

---

[7] It is well-settled that:

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Schutzues***, 54 A.3d 86, 98 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citation omitted). "[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

sentencing factors and because it "is excessively disproportionate to the nature of the probation violation."[8] (Salter's Brief, at 10) (citations omitted).[9]

A VOP court is afforded broad discretion when imposing a sentence following the revocation of probation and is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. 42 Pa.C.S. § 9771(b); 204 Pa. Code § 303.1(b); *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014). The trial court must follow the principle "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Pasture*, 107 A.3d at 27 (citations omitted); *see also* 42 Pa.C.S. § 9721(b).

Although the trial court must consider the sentencing factors contained in 42 Pa.C.S. § 9721(b), it "need not undertake a lengthy discourse for its

---

[8] Salter complains that the court did not order and review a PSI or a mental health or drug evaluation and, therefore, was not aware of his relevant history. (*See* Salter's Brief, at 10). However, Salter expressly waived these reports and did not preserve any claim based on the trial court not ordering or reviewing them. (*See* N.T., at 16-17). Moreover, on February 25, 2020, the trial court had ordered the preparation of a PSI and a dual diagnosis FIR evaluation. (*See* Revocation Order, 2/25/20).

[9] Salter does not argue that the trial court lacked the authority to revoke his probation in the first place. We agree that the trial court properly revoked Salter's probation where he was convicted of another crime while on probation and violated the court's orders. *See* 42 Pa.C.S. § 9771(c)(1), (3).

reasons for imposing a sentence or specifically reference the statutes in question." *Pasture*, 107 A.3d at 28 (explaining that "stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing" because "the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where … the trial judge had the benefit of a PSI."); *see Cartrette*, 83 A.3d at 1040-41.

The trial court was aware of Salter's history since it presided over all Salter's previous proceedings, had ordered a PSI a year prior in 2020, and was "fully informed as to the facts and circumstances of both the crime[s] and [Salter's] nature," putting it "in the best position to evaluate [his] character and his defiance or indifference." *Pasture*, 107 A.3d at 28; *Malovich*, 903 A.2d at 1254. The record reflects that the court considered Salter's sentencing history, including that he was "given quite a break" at his original sentencing where he had been charged with five felony robberies and was "completely noncompliant with any" of the court's orders while he was on probation, making another probationary sentence inappropriate. (N.T., at 25–26). Further, Salter was on express notice that should he continue to violate the court's orders, the court would impose a state sentence. (*See id.* at 26).

In imposing Salter's VOP sentence, the court was limited only by the maximum sentence that it could have imposed at the time of imposing the original probationary robbery sentence. *See* 42 Pa.C.S. § 9771(b); 18 Pa.C.S.

§§ 1103(2), 1104(2); *Pasture*, 107 A.3d at 27. Because the maximum sentence for second-degree felony robbery is ten years, the three-to-six-year sentence imposed on the robbery count was within the maximum sentence the trial court could have imposed at the time of the original sentencing.[10] *See* 18 Pa.C.S. § 1103(2). Therefore, even though it ultimately did sentence Salter to a state term of incarceration, as it had warned it would do if Salter continued to be non-compliant, it was well below the maximum.

Moreover, we are not persuaded by Salter's argument that his sentence was unreasonable because it was excessively disproportionate to the conduct that constituted the violation. (*See* Salter's Brief, at 10). Specifically, he maintains that the crime of defiant trespass was a non-violent third-degree misdemeanor that he conducted "in the midst of civil unrest" and only carried a penalty of 12 months' probation. (*Id.*).

First, Salter's statement that defiant trespass only carries a penalty of 12 months' probation is inaccurate. A third-degree misdemeanor carries a maximum term of one year of imprisonment. *See* 18 Pa.C.S. § 1104(3). Salter negotiated the 12-month probationary term.

Furthermore, we are not persuaded that his VOP sentence was excessively disproportionate to his probation violations, as not only did he commit the direct violations, but it appears from the docket and the hearing

_____

[10] Salter does not dispute the sentence on the conspiracy charge.

that Salter failed to comply with the terms of his probation and the court's orders. Therefore, the aggregate sentence of four to eight years was not "excessively disproportionate" to the conduct that constituted his violation. Salter is due no relief.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/23/2023